**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OSCAR DAVID VILLATORO RIVAS
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

MADDY'S, LLC
d/b/a MADDY'S BAR AND GRILLE
1726 Connecticut Avenue NW
Washington, DC 20009

MACINTYRE'S PUB, LLC
d/b/a MACINTYRE'S
2621 Connecticut Avenue NW
Washington, DC 20852

      Defendants.

Civil Action No. _____

## **COMPLAINT**

1.     Defendants employed Plaintiff as a busser at their D.C. restaurants. Defendants paid Plaintiff his regular hourly rate for his overtime hours. Moreover, Defendants improperly took a tip credit against their obligation to pay Plaintiff the minimum wage.

2.     Plaintiff brings this action to recover damages for: a) Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and b) Defendants' willful failure to pay minimum and overtime wages, in violation of the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this

district and all of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Oscar David Villatoro Rivas is an adult resident of the District of Columbia.

6.      Defendant Maddy's, LLC ("Maddy's") is a District of Columbia corporate entity. It does

business as Maddy's Bar and Grille. Its principal place of business is located at 1726 Connecticut

Avenue NW, Washington, DC 20009. Its resident agent for service of process is James Davis,

1726 Connecticut Avenue NW, Washington, DC 20009.

7.      Defendant Macintyre's Pub, LLC ("Macintyre's) is a District of Columbia corporate

entity. It does business as Macintyre's. Its principal place of business is located at 2621

Connecticut Avenue NW, Washington, DC 20852. Its resident agent for service of process is

Dale Shields, 1726 Connecticut Avenue NW, Washington, DC 20009.

8.      Maddy's and Macintyre's operated as Plaintiff's joint employer.

**Factual Allegations Specific to Defendants' Joint Employment**

9.      Maddy's and Macintyre's are owned by Dale Shields.

10.     Maddy's and Macintyre's are managed by James Davis and Imran Ahmed. James Davis

controls the staffing and finances of both restaurants. Imran Ahmed provides onsite supervision

at both restaurants.

11.     Maddy's and Macintyre's have multiple employees who work simultaneously for both

restaurants.

12.     Under the direction of James Davis and Imran Ahmed, Maddy's and Macintyre's coordinate their staff's schedules to avoid conflicts between the two restaurants.

13.     While both restaurants make separate orders for food, the restaurants often send food to each other to cover for shortages.

14.     James Davis personally signs the pay checks for employees at both Maddy's and Macintyre's.

15.     Any employee who is discharged by one defendant is automatically discharged from the other restaurant.

## Factual Allegations Specific to Plaintiff Villatoro Rivas

16.     On approximately June 1, 2014, Plaintiff Villatoro Rivas started to work at Maddy's.

17.     On approximately April 20, 2015, Jay Davis assigned Plaintiff Villatoro Rivas to work at both Maddy's and Macintyre's.

18.     From approximately April 20, 2015 – July 9, 2017, Plaintiff Villatoro Rivas worked simultaneously at both restaurants.

19.     On July 9, 2017, while Plaintiff was working at Maddy's, Imran Ahmed fired Plaintiff from both Maddy's and Macintyre's.

20.     Plaintiff Villatoro Rivas worked at both restaurants as a busser.

21.     Plaintiff Villatoro Rivas's job duties were the same at both restaurants. He delivered food, cleared tables, and cleaned the bathrooms.

22.     At all relevant times, Defendants paid Plaintiff Villatoro Rivas an hourly wage of $8.25.

23.     Defendants paid Plaintiff Villaltoro Rivas the same hourly wage at both restaurants.

24.     The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 – June 30, 2015, $10.50 per hour from July 1, 2015 – June 30, 2016, $11.50

per hour from July 1, 2016 – June 30, 2017, and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

25.    Both Defendants supplemented Plaintiff Villatoro Rivas' hourly wage with tips.

26.    However, neither Defendant explained the following to the Plaintiff Villatoro Rivas:

    i.    Defendants were required to pay him an hourly wage of at least $2.77;

    ii.    Defendants were going to take a tip credit against their obligation to pay him the minimum wage;

    iii.    Defendants' tip credit could not exceed the amount of tips he received;

    iv.    Plaintiff Villatoro Rivas had a right to retain all tips that he had actually earned.

27.    Moreover, Defendants promised Plaintiff Villatoro Rivas a percentage of the tips generated from food sales.

28.    Defendants never paid Plaintiff Villatoro Rivas a percentage of the tips generated from food sales.

29.    Rather, Defendants only paid Plaintiff Villatoro Rivas enough tips to make up the difference between his regular hourly rate of $8.25 and the current D.C. minimum wage.

30.    Additionally, the DCMWA required Defendants to give an employee written notice containing the following information: the employer's name and any doing business as names, the employer's physical address, the employer's telephone number, the employee's rate of pay and the basis of that rate, and the employee's regular payday. D.C. Code § 32-1008(c).

31.    Upon information and belief, neither Defendants gave Plaintiff Villatoro Rivas the written notice required by D.C. Code § 32-1008(c).

32.    Plaintiff Villatoro Rivas typically and customarily worked 39 hours per week at Maddy's.

4

33.     Plaintiff Villatoro Rivas typically and customarily worked 19 hours per week at Macintyre's.

34.     From approximately April 20, 2015 – July 9, 2017, Plaintiff Villatoro Rivas typically and customarily worked 58 hours per week at both restaurants.

35.     From approximately April 20, 2015 – July 9, 2017, Plaintiff Villatoro Rivas typically and customarily worked 18 hours of overtime across both restaurants.

36.     Defendants paid Plaintiff Villatoro Rivas the same regular rate across all hours worked.

37.     Defendants did not pay Plaintiff Villatoro Rivas overtime wages — or one and one-half times Plaintiff Villatoro Rivas's regular hourly rate for hours worked in excess of 40 in a workweek.

38.     For Plaintiff Villatoro Rivas's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff Villatoro Rivas approximately $29,231.82 in minimum and overtime wages.

39.     At all relevant times, Defendants paid Plaintiff Villatoro Rivas by check.

40.     At all relevant times, James Davis signed Plaintiff Villatoro Rivas' paychecks for both restaurants.

41.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

42.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

43.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

44.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

45.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

46.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

47.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

48.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

49.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

50.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

51.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

52.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

53.     Defendants' violations of the FLSA were willful.

54.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

55.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

56.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

57.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

58.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

59.     Defendants' violations of the DCMWA were willful.

60.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$122,666.09**, and grant the following relief:

a.     Award Plaintiff $116,927.29, consisting of the following overlapping elements:

i.     unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

       ii.       unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

b.       Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c.       Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,338.80);

d.       Award Plaintiff court costs (currently, $400.00); and

e.       Award any additional relief the Court deems just.

Date: September 12, 2017            Respectfully submitted,

                         /s/ Justin Zelikovitz, Esq.
                         Justin Zelikovitz, #986001
                         DCWAGELAW
                         519 H Street NW
                         Washington, DC 20001
                         Phone: (202) 803-6083
                         Fax: (202) 683-6102
                         justin@dcwagelaw.com

                         *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

                         /s/ Justin Zelikovitz, Esq.